Filed 6/23/23  P. v. Washington CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>ARTIS MAURICE WASHINGTON,<br><br>     Defendant and Appellant. | B322462<br><br>(Los Angeles County Super. Ct. No. YA038676) |

     APPEAL from a judgment of the Superior Court of Los Angeles County, Amy N. Carter, Judge.  Affirmed.

     Kathleen Caverly, under appointment by the Court of Appeal, for Defendant and Appellant.

     No appearance for Plaintiff and Respondent.

Appellant Artis Washington appeals the denial of his petition for resentencing under Penal Code section 1172.6 (former section 1170.95).[1]  In 1998, appellant was convicted of first degree murder and attempted premeditated murder.  We affirmed his conviction on appeal in our prior opinion, *People v. Washington* (Aug. 22, 2000, B139841) [nonpub. opn.].  In 2021, appellant filed a petition for resentencing under section 1172.6.  The trial court denied the petition, finding that appellant was ineligible for relief.  On appeal, appellant's appointed counsel filed a brief raising no issues and requesting that this court independently review the record for arguable issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We have conducted an independent examination of the entire record pursuant to *Wende, supra*, 25 Cal.3d 436, and conclude no arguable issues exist.  We therefore affirm.

### FACTUAL AND PROCEDURAL BACKGROUND[2]

Appellant was a member of the Osage Legend Crips, a criminal street gang.  On April 15, 1998, appellant pulled a semi-automatic gun from under his shirt and shot two young men in a car, one of whom was wearing a red shirt, after they denied being members of a rival Blood gang.  One of the men was killed and

---

[1]  Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).  We hereafter refer to the statute as section 1172.6.  All further statutory references are to the Penal Code unless otherwise indicated.

[2]  On our own motion, we take judicial notice of our prior opinion in this matter, *People v. Washington* (Aug. 22, 2000, B139841) [nonpub. opn.].  The procedural and factual background set forth here is drawn from this opinion.

the other was seriously wounded.  The surviving victim identified appellant as the shooter in a photographic and live lineup.

The jury found appellant guilty of first degree murder (§ 187, subd. (a); count one) and attempted premeditated murder (§664/187, subd. (a); count two).  The jury also found true the enhancement allegations that appellant personally and intentionally discharged a handgun as to both counts (§ 12022.53, subds. (b)-(d), and personally inflicted great bodily injury as to count two (§ 12022.7, subd. (a)).

Appellant was sentenced to a total term of 75 years to life.  The sentence consisted of 25 years to life for count one as the base offense, a life term on count two, and two consecutive terms of 25 years to life for the enhancements on each count under section 12022.53, subdivision (d).  The court stayed the terms for the remaining enhancements.  Appellant appealed his conviction and his counsel filed a brief requesting *Wende* review.  In our prior opinion, we found that upon review of the record, no arguable issued existed and affirmed the judgment.

In January 2021, appellant filed a petition for resentencing under section 1172.6.  Appellant asserted that he had been convicted of murder under the felony murder rule or natural and probable consequences doctrine and could not now be convicted of first or second degree murder because of changes made to sections 188 and 189.

The trial court appointed counsel for appellant and both parties filed briefs.  The prosecution argued that appellant was ineligible for resentencing because he was convicted as the actual killer.  The prosecution attached as exhibits a copy of our prior appellate opinion and the verdict forms.  In reply, appellant's counsel argued that he had made a prima facie showing sufficient

3

to proceed to a hearing. The prosecution submitted a supplemental response, arguing that appellant was also ineligible because the jury was not instructed as to felony murder or natural and probable consequences theories of liability. The prosecution also attached a copy of the jury instructions as an exhibit. The court provided appellant's counsel the opportunity to further respond, and continued the matter to allow counsel to review the trial transcript.

The court held a hearing on June 9, 2022 regarding whether to issue an order to show cause. Appellant was present with appointed counsel. Appellant's counsel argued that he had made the "minimal showing" required for the issuance of an order to show cause.

The trial court denied the petition, finding that appellant failed to establish a prima facie case that he was entitled to relief. The court cited the jury instructions, finding that "the only instructions given related to a single actual killer and attempted murderer acting alone." Accordingly, the court denied the petition, concluding that appellant was ineligible for relief as a matter of law. Appellant timely appealed.

On appeal, appellant's appointed counsel filed a brief requesting that we independently review the record for error. (*Wende, supra,* 25 Cal.3d at p. 441.) We notified appellant that he had the right to file a supplemental brief, but did not advise him in that letter that his appeal could be dismissed if he failed to respond.[3] Appellant did not file a supplemental brief.

---

[3] The same day we sent notice to appellant, our Supreme Court decided in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) that when appointed counsel finds no arguable issues

4

# DISCUSSION

We exercise our discretion to conduct a *Wende* review. (See *Delgadillo*, *supra*, 14 Cal.5th at p. 232.) Having examined the record, we conclude no arguable issues exist. By virtue of counsel's compliance with the *Wende* procedure and our review of the record, appellant has received adequate and effective appellate review of the judgment. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 110; *Wende*, *supra*, 25 Cal.3d at p. 443.)

# DISPOSITION

The judgment is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

COLLINS, J.

We concur:

CURREY, ACTING, P.J.                    DAUM, J.*

---

in an appeal from the denial of a section 1172.6 petition, "(1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232.)

* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.